UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARDIKKUMAR PATEL,
KACEY WHITLOCK, PADMAJA
PATEL, and CARIERX LLC
f/k/a DERMSERV, LLC,

v.                                                        Case No. _____

HEALIXA, INC. f/k/a EMERALD
ORGANIC PRODUCTS, INC.,

_____

## NOTICE OF REMOVAL

Defendant Healixa, Inc. f/k/a Emerald Organic Products, Inc. ("Healixa"), pursuant to 28 U.S.C. §§ 1441 and 1446, removes this action filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and states as follows:

1. This action is removed to the United States District Court, Middle District of Florida, Orlando Division, on the grounds that the Court has original jurisdiction based upon federal question under 28 U.S.C. § 1331 and diversity of citizenship of the parties and the requisite jurisdictional amount under 28 U.S.C. § 1332(a)(1).

2. This action was originally filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, and styled *Hardikkumar Patel,*

*Kacey Whitlock, Padmaja Patel and CarieRx LLC f/k/a Dermserv, LLC v. Healixa, Inc. f/k/a Emerald Organic Products, Inc.,* Case No. 2021-CA-046759.

3. This Notice of Removal is being timely filed within 30 days after Healixa was served with the Complaint on October 14, 2021. Therefore, this action is timely removed under 28 U.S.C. § 1446(b).

I. **Federal Question**

    A. **This action is founded on a claim or right arising under the laws of the United States**

4. This action was properly removed to this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(a) as all of Plaintiffs' causes of action are **entirely** based upon a federal question arising under the laws of the United States, specifically the Securities Act of 1933 as codified at 15 U.S.C. §77a et seq., and Rule 144 of the Securities and Exchange Commission ("SEC") as codified at 17 C.F.R. §230.144.

5. In the Complaint, **all** of Plaintiffs' demands for relief are based solely on Plaintiffs' allegations that:

    a. certain common stock was allegedly issued to Plaintiffs Hardikkumar Patel, Kacey Whitlock and Padmaja Patel (the "Individual Plaintiffs") under Section 4(a)(2) of the Securities Act of 1933 bearing a standard restrictive legend (the "Issued Common Stock");

    b. a person selling restricted securities who satisfies all applicable conditions of SEC Rule 144 in connection with the transaction is deemed not to be an "underwriter" as defined in Section 2(a)(11) of the Securities Act of

2

        1933 and, therefore, may rely on Section 4(1) of the Securities Act of 1933 as an exemption for the resale of securities; and

    c. because the Individual Plaintiffs were not "affiliates" of Healixa, the Individual Plaintiffs may sell the Issued Common Stock without regard to the conditions of SEC Rule 144 as the Individual Plaintiffs allege that they have held the Issued Common Stock for at least one year.

6. Although Plaintiffs allege state law causes of action within the Complaint, it is well-settled that the substantial federal interest doctrine requires removal of a putative state law "well-pleaded complaint" when the resolution thereof requires inquiry into areas in which the federal government has "a substantial and comprehensive interest," **including** the resolution of issues involving federal securities law. *Capece v. Depository Trust & Clearing Corp.*, No. 05-80498 CIV RYSKAMP, 2005 WL 4050118, at *8 (S.D. Fla. Oct. 11, 2005) (citing *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983)); *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 97-98 (2d Cir. 2001); *Hawkins v. NASD, Inc.*, 149 F.3d 330, 332 (5th Cir. 1998); *Frayler v. New York Stock Exch.*, 118 F.Supp.2d 448, 451 (S.D.N.Y. 2000); *Fifth Third Bank v. Prsa*, Case No. 6:08-cv-1365-Orl-35DAB, 2008 WL 11437039, at *2 (M.D. Fla. Nov. 10, 2008) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint")); *Ekas v. Burris*, Nos. 07-61156-CIV, 2007 WL 4055630, at *3 (S.D. Fla.

Nov. 14, 2007) (citing *Franchise Tax Bd.*, 463 U.S. at 22 ("[E]ven when the causes of action pled are state law, the case might still arise under federal law if the right to relief under state law requires resolution of a substantial question of federal law in dispute.")).

7. Because all of the causes of action in the Complaint necessarily require the resolution of the proper application of federal securities law, removal of this matter is proper.

II. **Diversity of Citizenship**

    A. **This action may also be removed based on diversity of citizenship as the Individual Plaintiffs have fraudulently joined Plaintiff CarieRx f/k/a Dermserv, LLC in this action**

8. This action is also properly removed to this Court pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(b) as the action is between properly joined parties who are citizens of different states.

9. As the Complaint alleges, the Individual Plaintiffs are all citizens of Florida, while Healixa is a citizen of both Nevada and New York. Complaint ¶¶ 1-3, 5. However, the Individual Plaintiffs have fraudulently joined Plaintiff CarieRx f/k/a Dermserv, LLC ("CarieRx"), an entity that is 51% owned by Healixa and 49% owned by Individual Plaintiff Hardikkumar Patel (see Complaint ¶ 9), which, as a limited liability company, would allow Plaintiffs to claim that Plaintiff CarieRx is also a citizen of the same states as a Defendant Healixa in order to defeat diversity of citizenship. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020,

1022 (11th Cir. 2004) ("a limited liability company, like a partnership, is a citizen of any state of which a member of the company is a citizen").

10. In this matter, Healixa is invoking the fraudulent joinder doctrine, which requires this Court to determine whether or not CarieRx is properly joined as a party in this action. *See Curkovic v. Turton*, 2018 U.S. App. LEXIS 31649 (11th Cir. 2018) (citing *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (remanding to the district court to determine whether a party was fraudulently joined)). The fraudulent joinder doctrine states that Healixa must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action [with respect to the fraudulently joined party]; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the defendant into state court.[1] *Henderson*, 454 F.3d at 1281. In addressing fraudulent joinder, the court may consider affidavits or other sworn evidence. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

---

[1] Numerous district judges, including Judge Presnell from the Middle District of Florida, have allowed removing defendants to argue fraudulent joinder of non-diverse plaintiffs. *See Ferry v. Bekum Am. Corp.*, 185 F. Supp. 2d 1285 (M.D. Fla. 2002) (citing *Koch v. PLM Int'l Inc.*, No. Civ. A. 97-0177-BH-C, 1997 WL 907917 (S.D. Ala. Sept. 24, 1997) as specifically applying Eleventh Circuit precedent "to dismiss a fraudulently joined plaintiff in a removal action"); *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604 (W.D. Ky 2010) (noting that the "majority of [other district] courts have held, without much discussion, that fraudulent joinder can apply to both defendants and plaintiffs" opining that "there is no significant difference between fraudulent joinder of plaintiffs and fraudulent joinder of defendants [particularly] where the plaintiff joins additional non-diverse plaintiffs who have no viable claims"); *Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp. 2d 502, 508 (W.D. La. 2001) ("fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff") and *Sims v. Shell Oil Co.*, 130 F. Supp. 2d 788, 798 (S.D. Miss. 1999) ("There is no significant difference between fraudulent joinder of plaintiffs and fraudulent joinder of defendants.").

11. The causes of action purportedly asserted on behalf of CarieRx as a Plaintiff in the Complaint cannot be asserted against Healixa. First, there are no grounds for maintaining such claims on behalf of CarieRx. Count VI, alleging that Healixa misappropriated CarieRx's trade secrets (without identifying or specifying any confidential or trade secret information purportedly misappropriated or misused), is belied and defeated by the terms of the Merger Agreement itself (which was incorporated into the Complaint as "Plaintiffs' Exhibit A") thereto; that agreement provides that Healixa, as the parent of CarieRx (referred to as the "Surviving LLC") was to "have the unqualified right to deal with the assets and business of the as its own property without limitation on the use of such assets or the conduct of such business." *See* Complaint Exhibit A (Merger Agreement), §1.08. Count V – alleging breach of the Merger Agreement -- is merely duplicative of the Individual Plaintiffs' claims that Healixa failed and refused to issue them unrestricted shares, the consideration of the merger acquisition of CarieRx by Healixa. Even more importantly, and determinative of the issue, the bringing of any claim on behalf of CarieRx by the Individual Plaintiffs and their counsel would be an *ultra vires* act not authorized by, and in direct violation of, the CarieRx Operating Agreement and the Florida Revised Limited Liability Company Act.[2]

---

[2] This Court will note that: (i) Plaintiffs attached as "Exhibit A" to the Complaint a merger agreement entered into between CarieRx and Healixa (the "Merger Agreement") that includes "Section 1.01 Merger" which requires that "the operating agreement and by-laws of CarieRx shall be amended and restated as attached as Exhibit A" (the "Operating Agreement"); and (ii) Plaintiffs did not attach the Operating Agreement to the Merger

12. As noted in the Parker Declaration, which is attached as Exhibit 1 hereto:

    a. Section 1.2 of the Operating Agreement states that "[t]he management of the Company [CarieRx] shall be vested in the Board of Managers of the Company as set forth in Article III" and "Unless authorized by the Board of Managers in accordance with this Agreement, no Member, in such capacity, shall have the authority to act or purport to act on behalf of or to bind the Company";

    b. Section 3.1(i)(a) of the Operating Agreement states that "the business affairs of the Company [CarieRx] shall be managed by the Board of Managers";

    c. Section 3.2 of the Operating Agreement states that "The Board of Managers will initially consist of five board members: Two members shall be appointed by (Healixa) . . . two members shall be appointed by HARDIKKUMAR PATEL . . . and a fifth member . . . to be appointed by mutual agreement of (Healixa) and (Hardikkumar) Patel;"

---

Agreement in their filings in the State Court Action. *See* Exhibit 2. In support of this Notice of Removal, Healixa has attached as Exhibit 1 to this Notice of Removal, the Declaration of Ian Parker ("Parker"), the Chief Executive Officer of Healixa ("Parker Declaration"), that does attach as Exhibit A thereto, a copy of the Operating Agreement which was executed by Parker and Plaintiff Hardikkumar Patel. Parker Declaration ¶¶ 3-4; Parker Declaration Exhibit A at 36. As detailed below, the Operating Agreement makes clear that the Individual Plaintiffs **do not have standing, and therefore cannot**, bring claims on behalf of CarieRx.

    d.    Schedule A of the Operating Agreement states that the only two (2) members of CarieRx are Healixa with a 51% interest and Hardikkumar Patel with a 49% interest.

    e.    neither Helixa nor Hardikkumar Patel appointed any members to the Board of Managers, nor was a fifth member appointed to the Board of Managers by mutual agreement of Healixa and Hardikkumar Patel—thus there was no board of managers that could have voted, nor did in fact vote, to cause CarieRx to file the Complaint against Healixa; and

    f.    Healixa, as the owner of 51% of the membership interests in CarieRx, did not vote to, nor would have voted to, cause CarieRx to file the Complaint against Healixa—which under Florida Statute § 605.04073(2)(d)—is clearly an undertaking and act outside the ordinary course of CarieRx's activities and affairs.

(Parker Declaration, ¶¶ 6-11; Parker Declaration Ex. 1).

13.    Thus, none of the Individuals Plaintiffs in this matter "have the authority to act or purport to act on behalf of" CarieRx, and the pleading of any claims purportedly brought on behalf of CarieRx were done so as improper, *ultra vires* acts by the Individual Plaintiffs and their counsel. Accordingly, there is no possibility that CarieRx can establish a cause of action against Healixa.

14.    Furthermore, it is clear that the Individual Plaintiffs have fraudulently joined CarieRx as a Plaintiff in an attempt to avoid diversity of citizenship and attempt

to drag Healixa into their counsel's hometown state court in Brevard County, and that CarieRx's citizenship should not be considered for purposes of diversity citizenship analysis as a result of the fraudulent joinder. *Henderson*, 454 F.3d at 1281. Accordingly, removal of this matter was and is proper based on the diversity of citizenship of the properly joined parties.

15. For these reasons, there is complete diversity of citizenship on the plaintiffs' side and the defendant's side.

**B.   The amount in controversy exceeds $75,000**

16. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17. The Complaint alleges that as consideration for Healixa's purchase of 51% of the membership interests of CarieRx, Healixa issued 20,000,000 shares of Healixa's common stock to the Individual Plaintiffs. Complaint ¶¶ 10, 72. The Individual Plaintiffs' claims, including its claims for damages, stem from Healixa's cancellation or revocation of those 20,000,000 shares. *Id.* ¶ 13. The Individual Plaintiffs seek as damages, the issuance of 20,000,000 unrestricted shares of Healixa. As of November 11, 2021 at 6:22 p.m. EST, Healixa's common stock was selling and valued at $0.75 per share. Parker Declaration ¶ 12. Accordingly, the total value of the 20,000,000 shares at issue in this case as of November 11, 2021, is $15,000,000.

18. Accordingly, the amount is controversy exceeds $75,000, exclusive of interest and costs.

**Removal Documents**

19.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and legible copies of each paper docketed in the state court are collectively attached as Exhibit 2 hereto.

20.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on all adverse parties and will be filed with the state court from which this action has been removed thereby effecting the removal of this case from that court.

WHEREFORE, Healixa removes this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to this Court pursuant to 28 U.S. §§ 1331, 1332, 1441, and 1446.

Dated:  November 15, 2021

s/ Min Cho_____
Tucker H. Byrd
Florida Bar No. 381632
Min Cho
Florida Bar No. 754331
Andrew Domingoes
Florida Bar No. 1010448
Byrd Campbell, P.A.
180 Park Avenue North, Ste 2A
Winter Park, FL 32789
Telephone: (407) 392-2285
TByrd@ByrdCampbell.com
MCho@ByrdCampbell.com
ADomingoes@ByrdCampbell.com
